UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| CHRISTINA ZAMORA, INDIVIDUALLY | § | |
| AND AS NEXT FRIEND OF M.Z.; RUBEN | § | |
| ZAMORA, INDIVIDUALLY AND AS | § | |
| NEXT FRIEND OF M.Z.; and JAMIE | § | **CIVIL ACTION NO.** |
| TORRES, INDIVIDUALLY AND AS NEXT | § | **2:23-cv-00017-AM-VRG** |
| FRIEND OF K.T.,| § | |
| *Plaintiffs,* | § | |
| v. | § | |
| DANIEL DEFENSE, LLC; ET AL. | § | |
| *Defendants.* | § | |

**UVALDE CITY DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO RULE 12(b)(1) AND (6) MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE CHIEF U.S. DISTRICT COURT JUDGE MOSES:

COMES NOW Defendant CITY OF UVALDE ("City") and UPD LIEUTENANT AND ACTING POLICE CHIEF MARIANO PARGAS, in his official capacity only ("Pargas"), collectively referred to as "Uvalde City Defendants," and file this Reply to Plaintiffs' Memorandum of Law in Opposition of Uvalde City Defendants' Motion to Dismiss Plaintiffs' Original Complaint [Dkt. 124] for Lack of Jurisdiction and Failure to State a Claim pursuant to the Federal Rules of Civil Procedure 12(b)(1) and (6).

**A.    The Plaintiffs fail to establish claims for *Monell* liability and Plaintiffs cannot establish Pargas is an official policymaker.**

1.      "It is well established that a city is not liable under § 1983 on the theory of *respondeat superior.*" *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)(citing *Monell v. Dept. of Social Serv.*, 98 S.Ct. 2018, 436 U.S. 658, 56 L.Ed. 2d 611 (1978). "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated

by the municipal policy maker (3) was the moving force behind the violation of a constitutional right." *Id.*  Plaintiffs in the Response, identify new allegations against Pargas, and argue their complaint facts have to "make it *plausible* that [Pargas] made the deliberate decision" to barricade the students in with the shooter..." and that he made a "deliberate decision" or "a deliberate choice to" establish they have sufficiently plead deficient training and policies and/or customs.  [Dkt. 124 at p.8].  These allegations do not meet the standard that a policy may arise from a widespread practice "so commonly and well-settled as to constitute a custom that fairly represents municipal policy."  *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)(en banc).  A policy or custom is only considered to be official "when it results from the decision or acquiescence of the municipal officer or body with 'final policymaking authority' over the subject matter of the offending policy." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).  Plausibility does not establish Pargas as an official policymaker for the City.  And to address Plaintiffs' arguments related to *Pembaur*, they cannot meet that standard.  The Plaintiffs' allegations against Pargas amount to no more than *respondeat superior* which is not a theory of liability for which the City can be liable under the *Monell* standard.  Even assuming Pargas is an official policymaker, his discretion and exercise of the discretion related to his official duties that day of the incident, without more, is insufficient to plead or give rise to municipal liability based on the exercise of that discretion.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986).

2.      In contrast to the Plaintiffs' efforts to argue policy-making liability against the City under *Cherry Knoll,* that case is significantly distinguishable as it found the City Council as a governmental entity, as opposed to a single person, with policy making authority regarding the filing of subdivision plats. *Cherry Knoll, LLC v. Jones*, 922 F.3d 309, 317 (5th Cir. 2019).  In fact, *Cherry Knoll* clarifies the necessary elements of a final decisionmaker in the municipal

context that Plaintiffs fail to establish herein. Instead, Plaintiffs' theory regarding Pargas is nothing more than *respondeat superior* liability prohibited by *Monell*.  In this case, the Plaintiffs pleadings are merely conclusory allegations that do not establish Pargas was an official policy maker under the Home Rule Authority of the City of Uvalde and associated codes or departmental policies.  Nor can they cite similar acts that would result in liability against Pargas as an official policymaker or allegations or facts to support deliberate indifference against Pargas for supervisory liability.

3.     Plaintiffs fail to plead that Pargas or the City has regular assignments to establish policies related to *regularly or even one-time* responses to school incidents, school shootings, breaches of school security by shooters such as this resulting in this horrific incident. The Plaintiffs cannot meet their burden to establish the City Defendants made a "conscious" choice to be deliberately indifferent to training it needed or had to perform their regular duties for the City, not for the school, and their claims must be dismissed.  *See, Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 426-27 (5th Cir. 2006) (overturning district court and granting motion to dismiss against chief of police where no deliberate indifference and no claims for violation of constitutional right).

**B.     Plaintiffs cannot establish failure to train claims.**

4.     As to the failure to train allegations, which Plaintiffs admit they rely on [Dkt. 1 at ¶¶ 293; 305], despite Plaintiffs' arguments related to *Pembaur*, the single incident exception does not apply and those elements are not met with the Complaint allegations.  *Pembaur,* 475 U.S. at 483–84.  The single-incident exception is "extremely narrow" and Plaintiffs cannot meet that narrow burden in their Complaint. *Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 2010). The "plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered." *Id.*     For a violation to be "highly predictable," the

municipality "must have failed to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face." *Hutcheson v. Dallas Cnty., Tex.*, 994 F.3d 477, 482–83 (5th Cir.), cert. denied, 142 S. Ct. 564, 211 L. Ed. 2d 352 (2021) (citations omitted).  The single-incident exception "is generally reserved for those cases in which the government actor was provided no training whatsoever." *Id.* (citing *Pena v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018)).  But Plaintiffs' claims fail here too-there are allegations the City "failed to ensure that their police officers were *adequately* trained and failed to develop meaningful plans to address an active shooter incident…".  (emphasis added).  But there are no allegations that there was no training at all, only aversions and conclusory allegations about inadequate training and that there was deliberate indifference, which is insufficient under the Fifth Circuit precedent to meet any of the elements for policy and pattern or single incident exception to sufficiently establish liability against the City Defendants. [Dkt 124 at p.17].

**C.     Plaintiffs fail to establish viable Fourth Amendment seizure claims.**

5.     Plaintiffs fail to allege their Fourth Amendment seizure case because it does not meet the "objective reasonableness" test and cannot sustain any liability against the City Defendants for the injuries to M.Z. and K.T.  *See Brower v. Cty. of Inyo*, 489 U.S. 593, 597, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989) (Fourth Amendment seizure only occurs when "there is a governmental termination of freedom of movement *through means intentionally applied")* (emphasis in original); *see also, Torres v. Madrid*, 141 S.C.t 989, 998 (2021).  Furthermore, although in the qualified immunity context, the Supreme Court precedent establishes that there has to be intentional conduct which otherwise forecloses liability, and Plaintiffs' conclusory allegations against Pargas fail.  *See e.g., Gorman v. Sharp*, 892 F.3d 172, 175 (5th Cir. 2018).

Plaintiffs' claims and allegations in the Complaint are "should have" claims and scenarios that second-guess the actions of City Defendants and Pargas caused by the deliberate actions by a private individual.  The "should have known" or "should have done something else" to avoid the incident standard Plaintiffs plead is not the constitutional question, it is rather the objective reasonableness leading up to the incident to avoid physical harm. *Thompson v. Mercer*, 762 F.3d 433, 440 (5th Cir. 2014) ("there is little merit in the Thompsons' assertion that law enforcement was constitutionally required to continue lesser efforts to disable the vehicle."). It is not enough to assert that the "intentional acts" as Plaintiffs allege by City Defendants would trigger application of the Fourth Amendment…." *Id.* at 437 (citing *Connelly v. Comptroller of the Currency,* 876 F.2d 1209, 1212 (5th Cir.1989)).  The possibilities about what Pargas "should have done" or "should have been trained to do," as first alleged only in their Response, is not a gross and unconscionable act.  [Dkt. 124 at p.18].   The cases applying that standard included recklessness as to unknown, visible innocent parties. *See e.g., Blair v. City of Dallas*, 666 F. App'x. 337, 341–42 (5th Cir. 2016) (citations omitted).

D.    **No custodial relationship or state created danger theory to establish claims for relief.**

6.    The Plaintiffs seemingly ignore the Fifth Circuit precedent in *DeShaney* and its progeny and misinterpret the *Walton* case related to claims establishing a special relationship. Their Complaint allegations and arguments are unavailing.  The Fifth Circuit does not recognize a *DeShaney* special relationship between a school and its students that gives rise to an affirmative duty to protect them from private acts of violence such as in this case. Recently in *Doe v. Bridge City Indep. Sch. Dist.,* No. 20-40596, 2021 WL 4900296, at *2 (5th Cir. Oct. 20, 2021), the Fifth Circuit affirmed that *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189 (1989) that there is no due process to protect an invasion against private actors such as in

this case, there are only three instances where a special relationship exists, and reaffirmed that there is no special relationship in the public school context.  Those scenarios are "(1) when the state incarcerates a prisoner, (2) involuntarily commits someone to an institution, or (3) places a child in foster care. *Id.* at *2 None of the three instances are applicable in this case.  And furthermore, despite Plaintiffs' efforts to affiliate the *Walton* case establishing some type of special relationship because of their alleged new "barricade" theory, that case related to prisoners, not schools and students, as in this case. *C.f. Walton v. Alexander*, 44 F.3d 1297 (5th Cir. 1995).  Plaintiffs cannot ignore the precedent or make up a new theory applicable to a custodial relationship where the case law does not recognize such special relationships. Plaintiffs' special relationship claims cannot succeed as a matter of law.

7.      Plaintiffs also ignore the lack of a state-created danger theory precedent in the Fifth Circuit.  *Fisher v. Moore* was reaffirmed and the Fifth Circuit substituted its opinion with *Fisher v. Moore*, 73 F.4th 367 (5th Cir. 2023) (*Fisher II*).  *Fisher II* reaffirmed there is no state-created-danger theory.  *Id.*  Therefore, those claims by Plaintiffs must fail.  Although Plaintiffs claim that this analysis is inapplicable for the City Defendants, those arguments fail too.  There are multiple City officers who are defendants in this case, and their qualified immunity is at issue.  [Dkt. 51]. But that too is erroneous because those arguments are specifically tied to City Defendants and impact the viability of Plaintiffs' *Monell* claims and constitutional violations, and at a minimum, should be stayed pending the City officers' final resolution of their qualified immunity defenses. *See e.g., Ramirez v. Escajeda*, EP-17-CV-00193-DCG, 2022 WL 1744454 (W.D.Tex.—El Paso May 31, 2022).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Uvalde City Defendants request that the Court grant the Uvalde City Defendants' Motion to Dismiss Plaintiffs' Original Complaint and dismiss Plaintiffs' claims identified above pursuant to FRCP 12(b)(1) and 12(b)(6) and further pray for such other and further relief to which they may show themselves justly entitled, at law and in equity.

SIGNED this 18th day of August, 2023.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:     (210) 225-4481
pbernal@rampagelaw.com
cmrodriguez@rampagelaw.com

BY:     */s/ Clarissa M. Rodriguez*
PATRICK C. BERNAL
State Bar No. 02208750
CLARISSA M. RODRIGUEZ
State Bar No. 24056222
ATTORNEYS FOR UVALDE CITY
DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 18th day of August, 2023, upon all counsel of record via E-File/E-Service/E-Mail.

*/s/ Clarissa M. Rodriguez*
CLARISSA M. RODRIGUEZ